**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARNOLD LAWSON | ) | |
| Petitioner, | ) | C.A. No. 06-158 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge McLaughlin** |
| UNITED STATES PAROLE | ) | **Magistrate Judge Baxter** |
| COMMISSION, | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner, Arnold Lawson, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Document # 5).  Therein, he seeks review of a final determination by the United States Parole Commission (the "Commission") that he serve his sentence to term, which will require him to serve approximately 4 months beyond the parole guideline range.  Respondent submitted its Response [Document # 10], to which Petitioner filed a Reply. [Document # 11]. Respondent then filed a Surreply [Document # 12], to which Petitioner submitted another Reply [Document # 16].  The Petition is now ripe for consideration.

**A.     Relevant Factual and Procedural History**

On October 26, 1988, the Honorable Robert J. Ward of the United States District Court for the Southern District of New York sentenced Petitioner to 30 years imprisonment for Racketeering Enterprise, Racketeering Conspiracy, and Narcotics Conspiracy.  (Document # 10, Ex. 1 at p. 4). On July 26, 1993, Judge Ward reduced Petitioner's sentence to 20 years imprisonment, by order that Petitioner's previously consecutive sentences should run concurrently.  (Id. at p. 5).

1

On August 18, 1995, the Commission mandatorily released Petitioner pursuant to 18 U.S.C. § 4163, and it directed that he remain under its parole supervision until April 28, 2002.  (Document # 10, Ex. 2).  In 1998, while on release, Petitioner was arrested.  He subsequently pleaded guilty to "Use of a Telephone in Connection With a Narcotics Felony," in violation of 21 U.S.C. § 843(b). On April 14, 2000, he was sentenced in the Southern District of New York to 78 months imprisonment, to be followed by 3 years supervised release.

As a result of his April 2000 sentence, the Commission issued a warrant charging Petitioner with violating the conditions of his parole on his 1988 sentence. (Document # 10, Ex. 3).  The Commission instructed the United States Marshal Service that Petitioner was in custody on the April 2000 sentence, and its warrant should be placed as a detainer. (Document # 10, Ex. 4 & Ex. 5).

On January 25, 2005, the Commission's detainer warrant was executed when Petitioner completed service of his April 2000 sentence.  On March 30, 2005, it conducted a parole revocation hearing.  (Document # 10, Ex. 6).  After the hearing, the Commission ordered that Petitioner's parole on his 1988 sentence be revoked, that he receive no credit for time spent on parole (as a consequence of having received a new conviction for conduct committed while on parole), and that he serve to the expiration of his sentence. (Document # 10, Ex. 7).  Petitioner appealed the Commission's decision, contending that it erred in rating the severity of his offense as a Category 7.  The Commission's National Appeals Board agreed that Petitioner's offense is a Category 6, and it remanded Petitioner's case for a hearing to determine a release date under Category 6 guidelines. (Document # 10, Ex. 8).

The hearing was conducted on October 18, 2005. (Document # 10, Ex. 9).  On November 10, 2005, the Commission issued a Notice of Action informing Petitioner that he was required to serve to the expiration of his sentence.  (Document # 10, Ex. 10).  Because his aggregate parole guideline range was 90-128 months,[1] the decision requires that he serve approximately 4 months

---

[1]

The Hearing Summary indicates that based on Petitioner's salient factor score of 3 and an offense severity of Category 6,

(continued...)

beyond his guideline range.  The Commission provided multiple reasons for its decision:

> A decision outside the guidelines is warranted because you are … a more serious risk than indicated by your salient factor score.  You were convicted of RICO offenses and conspiracy to distribute narcotics.  You were sentenced to 20 years for your involvement as a lieutenant in a major heroin enterprise that was affiliated with the Monsanto Crew.  In your position in the organization, you were involved in murder and conspiracy to murder to further the goals of the organization.  You were released from prison in August 1995.  After your release, you became involved in a conspiracy with the leader of the Monsanto Crew, who was still incarcerated, to distribute narcotics within the community and within a federal prison.  You pled guilty to a narcotics related offense and were sentenced to 78 months custody.  While incarcerated, you received 7 misconduct reports that included an assault on correctional staff and fighting.  When you were questioned about this behavior, you stated that there "comes a time when you must stand up and be a man and not a 'punk'".  You also stated that there had been "disrespect" toward you and that you were willing to stand up for yourself regardless of the result.  By your statements and behavior, you have shown that prison has not deterred you from engaging in assaultive behavior nor has it deterred you from becoming involved in drug trafficking schemes with your former codefendant.  During your incarceration, you had 12 instances of fighting while in state custody, one incident of attempted assault prior to your initial parole hearing while in BOP custody and prior to your revocation hearing in 2005, you had 7 misconduct reports.  As a result of your behavior and your statements during previous hearings, you have shown the Commission that you remain a serious threat to the community if you are released to parole at any point during this sentence.

(Document # 10, Ex. 10).

Petitioner filed an administrative appeal with the National Appeals Board.  (Document # 10, Ex. 11).  In his appeal, he contended that the November 10, 2005, Notice of Action was based upon inaccurate information and therefore lacked rational basis.  (Id. at pp. 3-5).  He also contended that, while he was in federal custody serving his April 2000 sentence, the Commission improperly failed to credit the unexpired term of his 1988 sentence, upon which the Commission had issued a detainer because he had violated the terms of parole.  (Id. at pp. 5-6 (citing 18 U.S.C. § 4210(b)(2)).  Additionally, he argued that he had been entitled to a parole revocation hearing "'within ninety (90) days of the date of retaking,' *i.e.*, by November 28, 2000[,]" or a review of the violation warrant within 180 days following the placement of the Commission's detainer.  (Id. (citing 18 U.S.C. § 4214(c) and 28 C.F.R. § 2.47, respectively)).  Finally, he claimed that the

---

[1](...continued)

his reparole guideline range is 78-100 months, and that because he had institutional misconduct of 12-28 months, his aggregate guideline range is 90-128 months.

Commission should not have considered: (a) his 12 instances of fighting while in state custody because those "incidents occurred over 21 years ago in 1984"; and, (b) one of his BOP misconducts, because in that incident he was only defending himself against a group of Hispanic prisoners when he "inadvertently" collided with an officer.  (Id. at pp. 4-5).

With regard to his assertion that the November 10, 2005, Notice of Action was based upon inaccurate information, Petitioner claimed, in relevant part, that the Commission's finding that he was "involved in murder and conspiracy to murder to further the goals of the [Monsanto Crew]" was factual incorrect.  He stated that:

> On December 30, 1998, a detention hearing was held with regard to the instant case in the United States District Court for the Southern District of New York before the Honorable Judge E. Sprizzo.  During this hearing, assistant United States Attorney ("AUSA"), David C. Esseks, acknowledged that [Petitioner's] prior commitment was originally a thirty (30) year term but was reduced by Judge Ward to twenty (20) years because Judge Ward rejected the claim that [Petitioner] was involved in the alleged murders.  This mitigating evidence clearly reflects the court's conclusion that [Petitioner's] culpability in the RICO offense did not include involvement in the three alleged murders.  Judge Ward was thoroughly acquainted with all the facts from the trial, thus is the best arbiter of the facts.  Accordingly, there is simply no rational basis to support the Commission's decision to the contrary, as it is premised on information that the court concluded was not probable.

(Id. at pp. 3-4 (citations omitted)).  In support of this argument, Petitioner submitted a two-page excerpt from the December 30, 1998 hearing, in which the following exchange occurred:

> THE COURT:      You claim he is a risk of flight?
>
> MR. ESSEKS:     We principally rely on danger to the community, your Honor…
>
>               *            *            *
>
> He has another prior conviction.  In this courthouse he was convicted of narcotics conspiracy and RICO conspiracy in front of Judge Ward in 1988.  He was convicted of RICO involving racketeering acts including his participation in three murders.
>
> I have been told today by the defendant and his counsel that in the course of reducing the defendant's sentence – he was sentenced by Judge Ward in 1988 to 30 years in prison, and sometime in about 1993, his sentence was reduced to 20 years – *I am told by defense counsel and the defendant today that in the course of that reduction, there was some statement by Judge Ward to the effect that the judge did not believe that the defendant had been involved in the murders.*

4

(Document # 10, Ex. 11, Ex. E (emphasis added)).

On February 9, 2006, the National Appeals Board issued a decision affirming the November 10, 2005, Notice of Action. (Document # 10, Ex. 12).  In disposing of Petitioner's contention that the Commission's decision was based upon inaccurate information, it explained:

> You claim that the decision above your guidelines was based on erroneous information.  You assert that you were not involved in murder and you provide the Board with a self-serving transcript excerpt which shows that you and your attorney told the Assistant U.S. Attorney in another proceeding in 1998 that the judge who sentenced you in 1988 did not believe that you were involved in murder.… The evidence you have presented does not persuade the Board that the information the Commission relied upon is inaccurate.  As to your involvement in murder, your October 26, 1988 Judgment and Commitment Order and your 1988 Presentence Report show that you were convicted by jury trial in 1988 of Racketeering Enterprise (Count 1), Racketeering Conspiracy (Count 2), and Narcotics Conspiracy (Count 3).  The predicate acts of Count 1 included murder and conspiracy to commit murder, and in 1994, the Commission rated your original offense behavior as Category Eight severity based on murder.…The Board finds no merit in your claim that the Commission relied on erroneous information in its decision.

(Id. at p. 1).  As for Petitioner's claim that the Commission should have run his parole violator term consecutively to the sentence he served on his April 2000 federal sentence, the Board held: "The Board…acted within its discretion when it decided to run your violator term consecutively to the new federal sentence you incurred while on parole.  Contrary to your apparent belief, you are not entitled to concurrent service of the two sentences."  (Id. at p. 2).

Following the National Appeals Board's decision, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with this court. [Document # 5].

## B.    Subject Matter Jurisdiction

Initially the court notes that, although a challenge to a federal sentence *as imposed* must be made under 28 U.S.C. § 2255, a claim concerning execution of a federal sentence by federal prison and parole authorities is properly brought under 28 U.S.C. § 2241.  Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir. 1976).  Because Petitioner is challenging the terms (*i.e.*, execution) of his sentence, his habeas petition is properly brought under 28 U.S.C. § 2241.

**C.    Discussion**

**1.    Inaccurate Information Claim**

Petitioner first contends, as he did before the National Appeals Board, that the Commission improperly relied upon the factually incorrect finding that he was "involved in murder and conspiracy to murder to further the goals of the [Monsanto Crew.]"  He contends that he was not involved in those murders, and that the excerpt from the December 30, 1998, detention hearing demonstrates that Judge Ward (who originally sentenced him in 1988 and resentenced him in 1993) did not believe he committed the murders.

Parole is not a right and Congress has delegated to the Commission sole discretionary authority to grant or deny parole.  See e.g., Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976) ("The District Court may not substitute its judgment for that of the Board and, therefore, the scope of review is very limited.").  Judicial review of the Commission's action is, thus. extremely narrow and limited to determining whether it acted arbitrarily or capriciously.  Id. at 690.

The applicable parole statute[2] provides that:

> (a)    If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:
>
> (1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and
>
> (2) that release would not jeopardize the public welfare;
>
> subject to the provisions of subsections (b) and (c) of this section, and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released.

*           *           *

---

[2]

Because Petitioner committed in 1986 the crimes for which he received his 1988 sentence, the parole statute, set forth at 18 U.S.C. § 4201-18 (which has been repealed but which remains in effect for prisoners who committed offenses before November 1, 1987) is applicable to him.

> (c) **The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing:** *Provided,* That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon.

18 U.S.C. § 4206(a), (c) (emphasis added).  See also 28 C.F.R. § 2.18.

In this case, the Commission determined that there was good cause to deny Petitioner parole notwithstanding the guidelines, because Petitioner's release would jeopardize the public welfare. As that consideration is expressly permitted by statute and the applicable regulations, this Court's only task is determining if the information relied on by the Commission to arrive at its conclusion was factually sufficient.  Zannino, 531 F.2d at 690.  "The inquiry is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; *the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.*"  Id. (emphasis added).  In making this inquiry, the Court is cognizant that the Commission has broad discretion to review materials helpful in determining whether to release a prisoner on parole.  See 18 U.S.C. § 4207; Furnari v. U.S. Parole Comm'n, 125 Fed.Appx. 435, 437 (3d Cir. 2005)(Commission had a rational basis in the record to deny parole; it was within its authority in relying upon conduct other than the offense of the petitioner's conviction, including his alleged involvement in murders and an attempted murder for which he was neither charged nor convicted), citing Fiumara v. O'Brien, 889 F.2d 254, 257-58 (10th Cir. 1989)(Commission did not abuse its discretion where it considered evidence of petitioner's involvement of four murders for which he was not convicted and denied parole); and Maddox v. U.S. Parole Comm'n, 821 F.2d 997, 999-1000 (5th Cir. 1987)(Commission has broad authority in materials it considers for parole decisions, including dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which he was not even charged)).

A review of the Commission's November 10, 2005 Notice of Action demonstrates that there was a rational basis in the record for its conclusion that Petitioner presented a risk to the public welfare.  Significantly, in the instant petition Petitioner only takes issue with the Commission's reliance upon his involvement in murder.  However, that factor was only one of many factors that

the Commission relied upon in making its decision.  The other factors considered and articulated

by the Commission demonstrate that Petitioner engaged in a repeated pattern of violence and

became reinvolved in drug distribution when he was previously under parole supervision.

Petitioner does not demonstrate that these other factors are premised upon inaccurate information.

Thus, he has failed to show that the basis for the Commission's finding that he was unsuitable for

parole because he posed a risk to the community is unsupported by the record.  See Romano v.

Baer, 805 F.2d 268 (7th Cir. 1986)(Commission's decision above the guidelines based on five

factors upheld even though two of five factors were possibly impermissible); cf. Coady v.Vaughn,

251 F.3d 480, 487 (3d Cir. 2001)("federal courts are not authorized to second-guess parole boards

and the requirements of substantive due process are met if there is *some basis* for the challenged

decision.").

Additionally, as Respondent convincingly demonstrates, there is a rational basis in the

record supporting the Commission's specific finding that Petitioner was "involved in murder and

conspiracy to murder to further the goals of the [Monsanto Crew.]" His October 26, 1988,

Judgment and Commitment Order shows that he was convicted of Racketeering Enterprise and the

predicate acts of this count included murder and conspiracy to commit murder.  His 1988

Presentence Investigation Report details his involvement in the murders.  (See Declaration of

Sharon Gervasoni, attached to Document # 10, at ¶ 4).  Pursuant to 18 U.S.C. § 4207(3), Congress

has authorized the  Commission to view presentence reports "despite the knowledge that '[t]here

are no formal limitations on their contents and they may rest on hearsay and contain information

bearing no relation whatever to the crime with which the defendant is charged.'"  United States ex

rel. Goldberg v. Warden, Allenwood Fed. Prison Camp, 622 F.2d 60, 63 (3d Cir. 1980)(quoting

Gregg v. United States, 394 U.S. 489, 492 (1969)); see also Melvin v. Petrovsky, 720 F.2d 9, 10

(8th Cir. 1983)(Commission not limited to indictment and conviction in determining severity of

offense and can consider other reliable information, including presentence report).  Furthermore, as

the National Appeals Board noted, in 1994 when the Commission had considered Petitioner for

parole on his 1988 sentence, it rated the severity of his offense as Category 8 because it involved

"conspiracy to murder." (Document # 10, Ex. 14).  Petitioner did not administratively appeal that decision to challenge that finding.  Yet, that decision was issued on January 26, 1994, which was *after* Judge Ward amended Petitioner's sentence on July 26, 1993.  Thus, as Respondent points out, if in fact Judge Ward had overturned findings regarding Petitioner's involvement in the murders at issue, he could have presented such evidence to the Commission at that time, but he did not.

Moreover, in support of Claim 1, Petitioner presents the excerpt of the 1998 transcript that shows, at most, what representations he and his counsel may have made to an Assistant United States Attorney at that detention hearing.  He does not submit actual evidence of Judge Ward's purported findings.  It has always been his belief that the 1998 transcript is sufficient to support his claim.  However, the National Appeals Board appropriately described Petitioner's reliance upon the portion of the 1998 transcript that he submitted to it, and now to this court, as "self-serving." (Document # 10, Ex. 11).  The excerpt simply does not demonstrate that the Commission's determination that he was involved in murder and conspiracy to murder was improper.[3]

## 2.      Credit for Service of Parole Violator Sentence

Petitioner also asserts, as he did before the National Appeals Board, that the Commission denied him credit on service of his violator sentence for the time he spent in federal custody serving his April 2000 sentence.  (See Document # 11 at pp. 20-23).  This claim is also largely premised on his allegation regarding his culpability for the murders, but that issue is irrelevant to

---

[3]

Petitioner also contends the Commission violated 28 C.F.R. § 2.19(c) because it did not resolve by a preponderance of the evidence his challenge to the veracity of the factual holding that he was involved in murders.  That regulation provides, in relevant part, that "[i]f the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability." 28 C.F.R. § 2.19(c).  It is unclear why Petitioner contends that 28 C.F.R. § 2.19(c) was violated.  He disputed his involvement in the murders before the National Appeals Board, the Board resolved his challenge, and there is no indication that it did not apply the preponderance of the evidence standard.  It viewed the evidence that he presented as not probative of what occurred at Petitioner's 1993 resentencing.  The Board simply, and understandably, did not credit his evidence.  (Docket # 10, Ex. 12 ("The evidence your presented does not persuade the Board that the information the Commission relied upon is inaccurate)).

whether he was entitled to the credit to which he argues he is entitled.

18 U.S.C. § 4210(b)(2) provides that, if an individual receives a new conviction while on parole that is punishable by imprisonment, that individual loses credit for all time spent on parole when his parole is revoked.  See also Garafola v. Wilkinson, 721 F.2d 420, 422-23 (3d Cir. 1983) (Commission has authority to forfeit time spent on parole when parolee receives new conviction; time spent on parole can include time in custody of new sentence).  The applicable regulation also provides:

> It is the Commission's interpretation of 18 U.S.C. § 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence.

28 C.F.R. § 2.52(c)(2).

Petitioner received a new conviction punishable by imprisonment while on parole.  As such, the time from the date he was release on parole *to the date of the execution of the parole violation warrant*, his "street time," was forfeited as a matter of law under 18 U.S.C. § 4210(b)(2). The Commission therefore acted in accordance with the parole statute and the applicable regulation in Petitioner's case when it ordered that he receive "no credit for time spent on parole."  (Docket # 10, Ex. 7).

### 3.    Exhaustion

Finally, Petitioner also raises two claims that he did not raise in his appeal to the Commission's National Appeals Board. (See Docket # 10, Ex. 11 & Ex. 12).  Specifically, he contends that the Commission failed to act in accordance with 18 U.S.C. § 4206(c) and its regulations because it did not give him prior notice that it would consider his involvement in

murders as part of the basis for departing from the guidelines.[4]  (Docket # 5 at pp. 9-12).  And, he argues that the Commission engaged in impermissible "double counting" to support a departure from the guidelines.  (Id. a p. 14; Docket # 11 at pp. 18-19).

A prisoner challenging a Commission decision is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).  The exhaustion doctrine promotes a number of goals: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy. Id. at 761-62.

Petitioner may not return to the National Appeals Board and raise these two claims now (see 28 C.F.R. § 2.26(a)(2)); therefore, he has procedurally defaulted them and review by this Court is barred absent a showing of cause and actual prejudice to excuse the default.  Moscato, 98 F.3d at 761-62.  "The courts enforce the cause and prejudice rule in part to conserve judicial resources by requiring state or federal prisoners who seek habeas relief to present their claims to the venue initially available.… By applying the cause and prejudice rule to habeas review of administrative proceedings, we insure that prisoners do not circumvent the appropriate agencies and needlessly swamp the courts with petitions for relief."  Id. at 761 (internal quotations and citations omitted).

Petitioner has not shown cause, *i.e.*, some objective factor external to him that impeded his efforts to raise these claims to the National Appeals Board and exhaust his administrative remedies. See e.g. Wertz v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000).  Because he has not shown cause, the court need not address the question of actual prejudice. Moscato, 95 F.3d at 762.  Accordingly, the two claims that Petitioner failed to raise before the National Appeals Board are barred from review by this court on the merits.  Id.

---

[4]

Section 4206(c) provides: "The Commission may grant or deny release on parole notwithstanding the guidelines…Provided, That the prisoner is furnished written notice stating with particularity the reasons for such denial."  Thus, this section does not require notice *prior* to a hearing, and Petitioner's reliance upon it is misplaced.

11

### C.       Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.'  Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]"  Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings."  McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001).  Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.  In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank,

___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  June 18, 2007